UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Clara Lewis Brockington, | ) | Civil Action No.: 4:19-cv-01752-RBH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Ronald L. Havner, Jr., *C.E.O.*; Public Storage Corporate Office; Danielle Jones, *District Manager*; Nathan Batchelor, *Senior District Manager*; and Public Storage of Florence, South Carolina, | ) | |
| Defendants. | ) | |

This matter is before the Court for consideration of Plaintiff Clara Lewis Brockington's objections to the Report and Recommendation ("R & R") of Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing this case with prejudice.[1] *See* ECF Nos. 23 & 25.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). The Court is mindful of its duty to liberally construe pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff filed this action alleging a storage company and its employees discriminated against her by terminating a storage contract and auctioning her personal belongings without notice. Previously, the Magistrate Judge—mindful of *Goode v. Central Virginia Legal Aid Society, Inc.*, 807 F.3d 619 (4th Cir. 2015)—entered two orders recognizing Plaintiff's possible intention to assert a claim under 42 U.S.C. § 1981[3] and giving her two opportunities to amend the complaint to allege sufficient facts to state a claim under § 1981. *See* ECF Nos. 8, 13, 16, & 18. However, none of Plaintiff's three complaints (including the operative Second Amended Complaint, *see* ECF No. 18) plausibly allege a

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] "Section 1981 establishes that '[a]ll persons . . . have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.' 42 U.S.C. § 1981(a). It defines 'make and enforce contracts' to include 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.' *Id.* § 1981(b)." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006).

2

§ 1981 claim.[4] Thus, the Magistrate Judge recommends summarily dismissing this action with prejudice. *See* R & R at pp. 4–5 & n.1; *see generally Matousek v. Wal-Mart*, 763 F. App'x 329, 330 (4th Cir. 2019) (explaining that under *Goode*, a district court may dismiss a complaint with prejudice when the court has already afforded the plaintiff an opportunity to amend).

Plaintiff has filed objections to the R & R, *see* ECF No. 25, but she does not specifically object to the Magistrate Judge's conclusion that her Second Amended Complaint does not plausibly allege a § 1981 claim. Although her objections provide additional factual allegations (including that she "is an African American, light complexion, female," *id.* at p. 3), the Second Amended Complaint—not the objections—remains the operative pleading and does not plausibly allege a § 1981 claim. *See, e.g.*, *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 48 (1991) ("[T]he District Court accepted for filing a second amended complaint, which is the operative pleading here."); *see generally Cleveland v. Duvall*, No. 8:14-cv-04305-RBH, 2015 WL 6549287, at *2 (D.S.C. Oct. 28, 2015) (explaining "new factual allegations are not properly considered in the context of an objection to an R & R"), *aff'd*, 647 F. App'x 156 (4th Cir. 2016). Also, as noted above, the Magistrate Judge gave Plaintiff two opportunities to file an amended complaint by issuing two detailed orders explaining the deficiencies in her complaints, but Plaintiff still failed to cure those deficiencies. A third opportunity to amend would encourage an endless cycle of amendments and delay. *See Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004) (explaining amendment may be denied based on a plaintiff's "repeated failure to cure a deficiency by amendments previously allowed"). However, the Court in its discretion will modify the R & R and

---

[4] Namely, while the Second Amended Complaint alleges discrimination based on membership in a "protected class," *see* ECF No. 18 at p. 6, it does not identify the specific class discriminated against or Plaintiff's membership in that specific class. *See generally Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (listing elements of a § 1981 claim); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (same).

3

dismiss this action *without* prejudice to Plaintiff's ability to file another complaint in a new case.[5]

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS AS MODIFIED** the Magistrate Judge's R & R [ECF No. 23], and **DISMISSES** this case *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　　　　　　　s/ R. Bryan Harwell
October 9, 2019　　　　　　　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge

---

[5]　*See, e.g.*, *Grady v. White*, 686 F. App'x 153, 154 n.* (4th Cir. 2017) (citing *Goode* and dismissing an appeal without remand "because the [district] court previously afforded [the plaintiff] the chance to amend his complaint").